UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BARRY R. HARRIS,

Plaintiff,

v.

WILLIAM GITTERE, et al.,

Defendants.

Case No. 2:25-cv-01676-ART-EJY

ORDER DENYING MOTION AND DISMISSING AND CLOSING CASE

Nevada prisoner Barry Harris initiated this civil action by filing a document titled "Removal of Civil Actions" and an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). Harris's initiating document moves the Court to remove his state habeas appeal to federal court under 28 U.S.C. §§ 1441 and 1332—*Harris v. Gittere*, Case No. 91083 (Nev.). (ECF No. 1-1 at 1). He argues that removal is proper because the Nevada Supreme Court is violating his rights under the Establishment Clause as he said that "he could not be in contract with no one but God but the courts still force him to go forward against his religion & belief's [sic]." (*Id.* at 2). Harris attached numerous documents from his state habeas appeal to his motion. (ECF No. 1-2).

28 U.S.C. § 1446 establishes the procedure for removing civil actions to federal court. The statute provides:

> **A defendant or defendants** desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within such action is pending **a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure** and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added). It also provides that, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice

with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." *Id.* at § 1446(d).

Harris's removal document is meritless and procedurally deficient. "[Harris], as the petitioner in the state court proceeding, had no power to remove his own case. Removal is available only to defendants." *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) (citing 28 U.S.C. §§ 1441(c), 1442, 1443, 1446(c); and *In re Walker*, 375 F.2d 678 (9th Cir. 1967)). Even if Harris had authority to remove his state habeas appeal—he doesn't—his removal document did not effectuate removal because it did not comply with § 1446's requirements. Harris filed a motion with this Court, not a notice of removal along with copies of all process, pleadings, and orders served upon the adverse parties. The removal document is signed by "Almighty[,]" not Harris in his own name, and is brought by "Lord Jesus Christ in All Things" without mention of the signer's contact information.[1] Harris did not give the adverse parties written notice of his removal document. And he did not file a copy of his removal document with the Nevada Supreme Court.

In submitting a removal document and state habeas appeal documents as evidence of the state court's alleged constitutional violations, Harris appears to seek an end-run around the requirement that he exhaust available habeas claims in state court before proceeding in federal court. 28 U.S.C. § 2254(b)(1)(A). This is impermissible. The Court takes judicial notice that Harris is represented by counsel in his state habeas appeal, the Nevada Supreme Court entered its Order

[1] Rule 11(a) requires in relevant part that pleadings, motions, and other papers signed by an unrepresented party be signed in their own name personally and to "state the signer's address, e-mail address, and telephone number."

of Affirmance on August 17, 2026, and Harris recently moved to dismiss his attorney and for a rehearing. *Harris v. Gittere*, Case No. 91083 (Nev. Sup. Ct.).[2]

## I. CONCLUSION

It is therefore ordered that the plaintiff's motion to remove his state habeas appeal (ECF No. 1-1) is denied and this case is dismissed.

It is further ordered that the plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

The Clerk of Court is directed to close this case.

DATED: September 18, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[2] The state court's publicly accessible online docket is available at: https://nvcourts.gov/supreme/how_do_i/find_a_case.